**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4804-15T3

LARRY J. HOLLOWAY,

    Plaintiff-Appellant,

v.

TODD MCMANUS and KELLY MCMANUS,
h/w, EDWARD TRUSKOWSKI, and
BRYAN and MICHELLE ECOHARDT,

    Defendants,

and

TOWNSHIP OF JACKSON,

    Defendant-Respondent.

_____

Submitted July 5, 2017 — Decided September 11, 2017

Before Judges Simonelli and Carroll.

On appeal from the Superior Court of New
Jersey, Chancery Division, Ocean County,
Docket No. C-0112-14.

Clark L. Cornwell, III, attorney for
appellant.

Gilmore & Monahan, PA, attorneys for
respondent Township of Jackson (Robin La Bue,
on the brief).

PER CURIAM

Plaintiff Larry J. Holloway owns property located on Cerrina Road in the Township of Jackson (Township). He accesses his property via a twenty-five-foot-wide unimproved dirt and gravel path known as Cerrina Road. He sought to have the road declared a public road. He appeals from the Chancery court's determination that Cerrina Road is not a dedicated public road, but rather an unimproved access easement over which plaintiff maintained the right of access and right to maintain. We affirm.

A 1974 survey depicts Cerrina Road as a ten-foot to twelve-foot sand road, and the Township's tax maps depict it as a twenty-five-foot utility access easement. A 2002 subdivision map, which was created in connection with a developer's application for preliminary and final major subdivision approval, depicts Cerrina Road as a twenty-five-foot-wide dirt and gravel utility access easement "to be dedicated to [the] Township."

The 2002 subdivision map required the grantee and all subsequent property owners to maintain the twenty-five-foot-wide dirt and gravel utility access easement. The map also provides that the utility easement

> is intended to run with the land binding
> subsequent grantees in each individual lot of
> the subdivision and . . . shall be inserted
> in all subsequent deeds as it is intended to
> benefit all lots of the subdivision making

A-4804-15T3

each subsequent owner of the individual lots subsequent to its provisions, and granting to each subsequent owner of the individual lots benefits thereof.

The 2002 subdivision map shows that the utility easement is wholly located on the property owned by defendants Todd and Kelly McManus (collectively, McManus). The map is referenced in the legal description of the McManus deed, and the deed states that the property is subject to easements of record.

In an April 27, 2012 letter to plaintiff, McManus, and neighboring property owners, defendants Edward Truskowski and Bryan and Michelle Ecohardt, the municipal engineer notified them that:

> The unimproved private lane commonly known as Cerrina Road has become a nuisance to residents of a portion of Cobain Road. Upon inspection we have noted considerable erosion emanating from Cerrina [Road] and traveling onto the extended portion of Cobain Road.
>
> Cerrina Road is a private lane and thus we are limited in our ability to address this problem using public funds. It is therefore incumbent on the several property owners to work together to address this matter. I suggest two things be done to arrest this problem. The road surface should be stabilized by applying coarse gravels, stone or millings, and the accumulating stormwater should be either dispersed, or collected and slowed to allow for infiltration.
>
> Upon reviewing the site with the Township Administrator and Public Works Director there is some consensus that we can offer some

3

assistance.  I would ask that you contact the Administrator so that a meeting can be scheduled to discuss this matter and move to a suitable resolution.

In 2013, plaintiff applied for subdivision approval and use variances to develop his property into thirteen residential lots. He requested that the Township provide a permanent access on Cerrina Road to his property as a condition of approval, and proposed to widen Cerrina Road to thirty feet to provide access. McManus, Truskowski, Ecohardt, and other neighboring property owners objected to the application.

In a December 12, 2013 letter to plaintiff's engineer, the municipal engineer confirmed that Cerrina Road is an unimproved private road, and the 2002 subdivision map provided a twenty-five-foot utility and access easement along the McManus property.  The municipal engineer described Cerrina Road as a substandard access easement and concluded it would be against the Township's interest to accept it and develop a road that would only benefit the developer's interests.

On February 5, 2014, the Township's Zoning Board issued a resolution approving plaintiff's application, but only for eight lots.  The resolution stated that "the property is benefitted by an easement for vehicular access over [the McManus] lot[,]" and plaintiff had to clarify the right to access to his property.

Plaintiff then instituted this litigation, seeking to have Cerrina Road declared a public road. He did not allege defendants' predecessor in title made an express dedication of Cerrina Road or that the Township accepted the offer of dedication by an appropriate ordinance or resolution of the governing body. Rather, he alleged that Cerrina Road was offered for dedication through its use and inclusion in the 2002 subdivision map and legal description in the McManus, Truskowski, and Ecohardt deeds, and the Township impliedly accepted the offer by exercising dominion and control over the road through its affirmative acts of grading and removing snow, including the path on tax maps, and accepting and filing the 2002 subdivision map.

Following a hearing, in a May 31, 2016 written opinion, the trial court found that the 2002 subdivision map constituted an offer of dedication for the twenty-five-foot access easement, but the Township did not impliedly accept the offer. The court noted that in order for implied acceptance of a dedication to be found, the nature of the Township's actions must be consistent with ownership. The court determined that the mere occasional grading and plowing of Cerrina Road was insufficient to establish the Township impliedly accepted the dedication. The court emphasized that under N.J.S.A. 40:67-23.1, a municipality is permitted

A-4804-15T3

> to repair and maintain and provide for the removal of snow, ice and other obstructions from, and provide for the lighting of, any roads or streets upon which the travel is sufficient, in the opinion of said governing body, to warrant such expenditures, even though such roads or streets shall not have been taken over by said municipal governing body or dedicated and accepted as public highways.

The court was unpersuaded that a municipality taking action, which is permitted by statute, constitutes acceptance.

Citing N.J.S.A. 54:1-15(1), Acts Saved from Repeal, the court also found that the inclusion of Cerrina Road on the tax maps and the Township's acceptance and filing of the 2002 subdivision map were not actions consistent with ownership, but rather, were merely administrative duties the Township was required to undertake as part of its governance.

The court also determined there was a lack of motivation underlying any claimed intent to accept the dedication on the Township's part, and little basis to believe the Township would want Cerrina Road to be a public street given the costs and change of character. The court emphasized that if the Township had wanted to create a dedicated public road, it would likely have required the developer to incur the costs and complete the necessary improvements of widening, paving, and lighting, and not leave these tasks for completion by the Township at a later date. The

court found this lack of motivation was also supported by the municipal engineer's letters indicating that the parties viewed Cerrina Road as unimproved private land, and it would be against the Township's interest to accept the substandard access.

Lastly, the court determined there is a twenty-five-foot access easement across the McManus property that is a gravel path known as Cerrina Road that has been used by plaintiff for twenty-four years to access his property. The court concluded that plaintiff will continue to have a right of access to his property over the access easement known as Cerrina Road, and the right to maintain the right of way as it currently exists as a twenty-five-foot gravel path. The court memorialized its decision in a May 31, 2016 final order. This appeal followed.

On appeal, plaintiff contends the court's finding that Cerrina Road is not a dedicated public road or at least a road that was offered for dedication constitutes reversible error. Plaintiff also contends the court's establishment of a twenty-five-foot access easement has no basis in law.

Our review of a trial court's fact-finding in a non-jury case is limited. Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011). "The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence. Deference is especially appropriate when the

evidence is largely testimonial and involves questions of credibility." Ibid. (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). We "should not disturb the factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (internal quotation omitted). However, we owe no deference to a trial court's interpretation of the law, and review issues of law de novo. Sipko v. Koger, Inc., 214 N.J. 364, 376 (2013) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). Applying these standards, we discern no reason to disturb the judge's ruling.

The actions of a landowner manifesting an intent to dedicate land to a public use is sometimes referred to as an "offer of dedication" and such an offer is generally irrevocable by the dedicator. Velasco v. Goldman Builders, Inc., 93 N.J. Super. 123, 137 (App. Div. 1966). However, actual dedication is not consummated until there has been an acceptance. Ibid.

"[N]o particular formal acceptance of a dedication is required." Ibid. Municipalities by appropriate ordinance or resolution may formally accept an offer of dedication. Ibid. A municipality may also accept an offer of dedication by other official conduct that manifests an intent to treat the land in

question as dedicated to public use. <u>Ibid.</u> Implied acceptance of an offer of dedication of an easement for a road may be found through improvement and maintenance by the municipality, such as installing stop signs, lighting, road signs, and water and sewer lines, and resurfacing and routine road upkeep. <u>See</u> <u>State v. Birch</u>, 115 <u>N.J. Super.</u> 457, 464 (App. Div. 1971).

We have considered plaintiff's contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E). We affirm substantially for the reasons the court expressed in its written opinion. However, we make the following brief comments.

The Township was not responsible for the repair and maintenance of the access easement. Rather, the 2002 subdivision map vested those responsibilities in the property owners. The Township's assistance with grading and removing snow was insufficient to establish an implied acceptance of the offer of dedication of the access easement.

The record is devoid of evidence that Cerrina Road was dedicated in a manner other than as an access easement. The 2002 subdivision map specifically identifies Cerrina Road as a twenty-five-foot-wide utility and access easement to be dedicated to the

Township.  Plaintiff's argument that the court created the easement

without support in the record is blatantly incorrect.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4804-15T3